**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

JOHN DEERE FINANCIAL, f.s.b.,

Plaintiff,

v.

HBR AG PARTNERSHIP,
HARRY B. RUSSELL, Jr., and
BENJAMIN A. RAY,

Defendants.

Case No. 1:26-cv-00223

# COMPLAINT

For its Complaint against Defendants Harry B. Russell, Jr. ("Russell"), Benjamin A. Ray ("Ray"), and HBR AG Partnership ("HBR" and collectively, "Defendants"), Plaintiff John Deere Financial, f.s.b. ("Deere") states as follows:

## Parties, Jurisdiction, and Venue

1. Deere is a federally charted savings bank whose main office is in Wisconsin and lawfully conducts business in Missouri. For diversity jurisdiction, this Court considers Deere a citizen of Wisconsin.

2. Defendant Russell is an adult domiciled in Missouri who resides in Mississippi County, Missouri. Because he is domiciled in Missouri, this Court considers Russel a citizen of Missouri for diversity jurisdiction.

3. Defendant Ray is an adult domiciled in Missouri who resides in Mississippi County, Missouri. Because he is domiciled in Missouri, this Court considers Ray a citizen of Missouri for diversity jurisdiction.

4. Defendant HBR AG Partnership is a partnership that conducts business in Mississippi County, Missouri. For diversity jurisdiction, this Court considers it a citizen of Missouri because its partners, Russel and Ray, are citizens of Missouri.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between Deere and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. The Amount in controversy arises from the amount Defendants jointly owe Deere under a revolving line of credit, which exceeds $1,171,706.89.

7. This Court has personal jurisdiction over Defendants because they are each citizens of the State of Missouri who are subject to general personal jurisdiction in Missouri.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because it is the judicial district where Defendants reside.

**COUNT I — BREACH OF CONTRACT**

9. Deere incorporates each and every preceding paragraph of the Complaint as though fully set forth herein.

10. On or about September 1, 2022, Defendants, HBR AG Partnership, Russel, and Ray jointly applied for an revolving line of credit pursuant to Deere's Multi-Use Account Credit Agreement (the "Credit Agreement") to make purchases for agricultural or commercial use. A true and accurate copy of Defendants' application for the Credit Agreement is attached hereto as **Exhibit A** and incorporated by reference herein. A true and accurate copy of the terms of the Credit Agreement are attached hereto as **Exhibit B** and incorporated by reference herein.

11. Defendants utilized the credit by making periodic purchases from February 2025 through June 2025.

12. By making these purchases, Defendants agreed to the terms and conditions of the Credit Agreement at the time it was issued to Defendants.

13. The Credit Agreement contains a choice of law provision applying the substantive law of the State of Wisconsin.

14. Pursuant to the terms of the Credit Agreement, Deere agreed to provide Defendants with a line of credit.

15. Pursuant to the terms of the Credit Agreement, Defendants agreed to pay principal, interest, and other amounts payable thereunder when they became due.

16. Deere performed or tendered performance pursuant to the Credit Agreement by providing Defendants with a line of credit.

17. Defendants breached the Credit Agreement by failing to make payment when due.

18. A true and accurate copy of Defendants' transaction history for the Credit Agreement is attached hereto as **Exhibit C** and incorporated by reference herein.

19. As a result of breach by Defendants, Deere exercised its right to accelerate and made final demand for payment on all amounts outstanding under the Credit Agreement.

20. Despite demand having been made for payment, Defendants have failed and refused to pay the outstanding balance of the Credit Agreement, thereby causing Deere to suffer damages.

21. True and accurate copies of the demands for payment mailed to Defendants are attached hereto collectively as **Exhibit D** and incorporated by reference herein.

22. As of September 11, 2026, the Credit Agreement had an outstanding balance of $1,171,706.89, consisting of $1,145,197.91 in principal and $26,508.98 in interest.

23. Fees and interest, including the default finance charge rate, continue to accrue on the principal balance on the terms set forth in the Credit Agreement.

24. Pursuant to the terms of the Credit Agreement, Deere is entitled to recover its costs of collection including its attorneys' fees and court costs.

25. All conditions precedent are satisfied.

WHEREFORE, Plaintiff John Deere Financial, f.s.b. prays the Court enter judgment in its favor and against Defendants Harry B. Russell and Benjamin A. Ray, jointly and severally, for a money judgment in the amount owed under the Credit Agreement, for pre- and post-judgment interest at the maximum allowable statutory rate, attorneys' fees, the costs of this action, and for such other, further, or different relief as this Court deems necessary and proper.

***Respectfully submitted,***

*/s/ W. Doug Reynolds*
T. Dylan Reeves MO Bar #78383
W. Doug Reynolds MO Bar #76744
**SPENCER FANE LLP**
2144 E. Republic Road, Suite B300
Springfield, MO 65804
T: 417.888.1000; F: 417.881.8035
dreeves@spencerfane.com
dreynolds@spencerfane.com